# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

FREDERICK G. LAND,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

2:06-cv-01223-RLH-LRL

**EX PARTE MOTION**

## REPORT & RECOMMENDATION

Before the court is plaintiff's Ex Parte Motion (#3). Plaintiff filed this Motion in response to this court's Order (#2) giving plaintiff until December 15, 2006 to file an amended complaint. Instead, plaintiff filed this Motion to request the court to grant the relief prayed for in his original Complaint.

## BACKGROUND

Plaintiff is incarcerated at the Lovelock Correctional Center. Plaintiff requests that this court order the Social Security Administration to begin payment of any retirement benefits he may have accrued. Plaintiff alleges he began to pay into Social Security in 1950 or 1951. Plaintiff also requests that the award be retroactive from the time he turned 62. He is now 79. Plaintiff is not sure of his social security number.

## DISCUSSION

**I. Standard**

Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).  However, "[p]ro se litigants must [still] follow the same rules of procedure as other litigants." *King, supra*, 814 F.2d at 567 (*citations omitted*).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  A complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff.  *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (*citations omitted*).

An *in forma pauperis* complaint must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  *See* 28 U.S.C. §1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).  A complaint is frivolous for the purposes of § 1915 if it lacks any arguable basis in fact or law.  *See generally Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989).  Moreover, "a court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Franklin v. Murphy*, 745 F.2d at 1226.

**II.  Substantive Law**

Plaintiff claims that suspending payments to felons during the term of incarceration violates ex post facto laws.  The 1983 Amendment to the Social Security Act added the provision that "no monthly benefits shall be paid under this section . . . to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility . . . ."  The substance of the provision is now codified at 42 U.S.C. § 402(x)(1)(A)(I).  Federal courts have determined that this is not an ex post facto violation.  *See e.g., Butler v. Apfel*, 144 F.2d 622, 626 (9th Cir. 1998); *Caldwell v. Heckler*, 819 F.2d 133, 134 (6th Cir. 1987); *Jones v. Heckler*, 774 F.2d 997, 998–99 (10th Cir. 1985).  Consequently, plaintiff is not entitled to benefits during his incarceration, and has no claims upon which relief can be granted.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff's Ex Parte Motion (#3) be denied, and that his Complaint be dismissed with prejudice.

DATED this 18th day of January, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**